**T. Byrne O'DONNELL, Plaintiff,**

v.

**FEDERAL BARGE LINES, a corporation, et al., Defendants.**

**No. 72 C 858.**

United States District Court, N. D. Illinois.

June 25, 1973.

---

Cooney & Stenn, Chicago, Ill., for plaintiff.

Robert E. Haythorne and Raymond R. Cusack, of Kirkland & Ellis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of defendant Rodi Chris-Craft, Inc. (hereinafter referred to as "Rodi") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The action, arising in admiralty, seeks damages for injury to plaintiff's vessel and for loss of certain contents thereof.

Count I of the complaint alleges that a barge owned and operated by defendant Federal Barge Lines "drifted away from the dock" of defendant American Sugar Company and struck plaintiff's vessel "Good Grief." Count II charges Rodi, the owner and operator of a boat yard, with negligent breach of bailment, alleging that after Rodi removed the "Good Grief" from the scene of the accident, and while the vessel was in Rodi's custody, various scuba diving, radar, and sonar equipment was stolen therefrom.

Rule 56(c) provides for the entry of summary judgment if the materials on file, including affidavits,

".  .  . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In support of its instant motion Rodi submits the uncontroverted affidavit of Thomas C. Branda (hereinafter referred to as "Branda"), General Superintendent at the boat yard, which establishes the following facts: The vessel was brought to the Rodi boat yard some time prior to the opening of business on Monday, November 9, 1970, by someone other than a Rodi employee or representative, and when no such employee or representative was present. Upon the opening of business on that date, Branda himself examined the boat, noting that it contained no radar, sonar, scuba diving or other marine equipment "which was not an attached, integral part of the boat," but only "personal articles of no significant value."

Thus, the property allegedly stolen from "Good Grief" was not in the boat at the time it came into Rodi's custody. This fact clearly precludes the possibility that any negligence of Rodi could have occasioned the loss alleged by plaintiff. Accordingly, the Court finds that Rodi is entitled to judgment as a matter of law.

Rule 56 provides further in section (e):

"When a motion for summary judgment is made and supported an ad-

verse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or . . . otherwise . . ., must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Plaintiff has made no response either to defendant Rodi's motion for summary judgment or to the Branda affidavit filed in support thereof. Since summary judgment for Rodi is appropriate in view of the facts established by the uncontroverted affidavit, the Court will grant Rodi's motion in accordance with Rule 56(e).

Accordingly, it is hereby ordered, adjudged and decreed that the motion of defendant Rodi Chris-Craft, Inc., for summary judgment is granted and that this defendant is dismissed from the action.